UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SAWICKI,

           Plaintiff,

v.

RESOLUTE INDUSTRIAL, LLC,

           Defendant.
_____/

Civil Action No. 22-10648

George Steeh
United States District Judge

David R. Grand
United States Magistrate Judge

## ORDER ON MOTIONS HEARD ON OCTOBER 13, 2022 (ECF Nos. 29, 35)

### Background

Until recently, plaintiff Mark Sawicki ("Sawicki") had been employed by defendant Resolute Industrial, LLC ("Resolute") as a salesman in its climate control rental business. One of the main questions in this case is whether Sawicki's employment with Resolute was governed by an employment agreement (the "Agreement") that Sawicki and Resolute's predecessor entity had executed. Sawicki would answer that question in the negative, whereas Resolute would answer in the affirmative. The Agreement contained a non-competition agreement (the "Non-Compete Agreement"), and Sawicki and Resolute also disagree as to that agreement's enforceability.

Recently, Sawicki ceased his employment with Resolute and took up employment with Corrigan Oil Company ("Corrigan"). Sawicki commenced the instant action, seeking, among other relief, an order from the Court finding the Agreement and Non-Compete Agreement unenforceable. Resolute has filed a counterclaim against Sawicki. Resolute

1

contends that prior to employing him, Corrigan sold fuel to some of Resolute's rental customers, but was not otherwise involved in the climate control rental business. Resolute alleges that Sawicki passed Resolute's confidential business information to Corrigan, enabling it to form a new business unit that competes with Resolute, and that Sawicki's employment with Resolute is in violation of the Agreement and Non-Compete Agreement.

Presently before the Court are two related motions: (1) Corrigan's motion for a protective order containing an Attorney's Eyes Only ("AEO") provision that would prohibit Resolute's CEO (and others) from reviewing certain documents produced by Corrigan and Sawicki, including "sensitive financial, sales, and compensation information" (the "AEO-Documents") (ECF No. 29, PageID.374); and (2) Resolute's counter-motion, which asks the Court to order production of the AEO Documents without AEO protection, or at least to review the AEO Documents *in camera* before determining the level of protection to which they are entitled (ECF No. 35, PageID.464). On October 13, 2022, the Court held oral argument on these motions, and ordered Sawicki and Corrigan to submit the AEO Documents for *in camera* review. Having reviewed the AEO Documents, the Court will **GRANT IN PART AND DENY IN PART** both Corrigan's motion and Resolute's motion.

**Applicable Legal Standards**

Federal Rule of Civil Procedure 26(b)(1) provides, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

2

amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). While Rule 26(b)(1) speaks to the discoverability of information, Rule 26(c), entitled "Protective Orders," protects parties by, for instance, shielding them from having to produce certain discovery or limiting the manner in which discovery must be disclosed. Specifically, as relevant here, the Rule provides, "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . ." Fed. R. Civ. P. 26(c)(1)(G).

Allowing a party to produce certain material subject to an "Attorney's Eyes Only" designation is "the most restrictive possible protective order." *K & M Int'l, Inc. v. NDY Toy, L.L.C.*, No. 1:13CV771, 2015 WL 520969, at *4 (N.D. Ohio Feb. 9, 2015) (internal citations omitted), aff'd sub nom. *K & M Int'l, Inc. v. NDY Toy, LLC*, No. 1:13CV771, 2015 WL 5813194 (N.D. Ohio Oct. 5, 2015). Nevertheless, "[c]ourts frequently use 'attorneys' eyes only' protective orders when confidential information is to be provided to a competitor." *Worldwide Distribution, LLLP v. Everlotus Indus. Corp*, No. 1:16 MC 67, 2017 WL 553305, at *3 (N.D. Ohio Feb. 10, 2017) (citing cases); *see also K & M*, 2015

WL 520969, at *4 ("[I]n general, courts uphold AEO designations only 'when especially sensitive information is at issue or the information is to be provided to a competitor.' ") (quoting *Westbrook v. Charlie Sciara & Son Produce Co., Inc.*, 2008 WL 839745, at *4 (W.D. Tenn. Mar.27, 2008)).  See also *Safety Today, Inc. v. Roy*, No. 2:12-CV-510, 2013 WL 1282384, at *5 (S.D. Ohio Mar. 27, 2013) ("[a] protective order which designates the information obtained as 'attorneys' eyes only' constitutes a practical and cost-effective way to protect" a producing party's "interest in sensitive information from...its competitor" while still meeting its discovery obligations).  A party seeking to produce material subject to an AEO designation must "describe the alleged harm it will suffer from any disclosure with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *K & M*, 2015 WL 520969, at *4 (internal citations and quotations omitted).  The Court must then "balance 'the difficulties imposed upon [a party] against the need to protect information from abuse by competitors.'"  *Id.* (quoting *Arvco Container Corp. v. Weyerhaeuser Co.*, 2009 WL 311125 at * 6 (W.D. Mich. Feb.9, 2009)).

**Discussion**

Resolute's subpoena to Corrigan seeks, among other information, "business plans, projections, proposals, or other Documents reflecting, describing, or discussing services, sales, activities, or other work that has been or might be performed by [Corrigan]…" (ECF No. 35, PageID.493).  Resolute and Corrigan seem to agree that given Resolute's characterization of Corrigan as a new "competitor" in the climate control rental business, entry of a protective order covering responsive documents produced by Corrigan (and Sawicki) is warranted.  The only dispute is whether any such information may be produced

4

subject to an AEO designation, and if so, whether Resolute's non-attorney CEO should nevertheless be permitted to review that information. Having reviewed the disputed documents *in camera*, and in light of the nature of the claims and counterclaims in this case, the Court finds that only a very few discrete portions of some of the disputed documents warrant AEO protection.

### *In Camera* Documents Submitted by Corrigan

Corrigan provided the Court for *in camera* review fourteen pages of documents marked AEO, Corrigan26-28, 30-33, and 35-41. The Court has reviewed those documents and makes the following findings as it relates to the pending motions:

- Corrigan 26-28 is a job offer letter dated January 19, 2022. The only AEO-protected information in this document are the *financial details* reflected in the Paragraph 1 "compensation" information, as well as the number of paid vacation days reflected in Paragraph 2. This type of information may be used by a competitor to attempt to offer more lucrative compensation to potential employees, and Corrigan may therefore designate that specific information as AEO. The other aspects of the letter do not contain information of a sensitive, competitive nature. Although the document references a separate "job description" that would supposedly define Sawicki's "initial duties," the Court was not provided with any such "job description," and nothing in the offer letter describes any sort of business plan, projection, proposal, etc., that could in any way be deemed competitively sensitive. Moreover, the mere reference to a job "title" is not AEO material and may not be redacted.

- Corrigan30-33 is another version of the offer letter, this time dated February 8, 2022, along with an attachment. Paragraph 1 of this letter contains more financial details about the offered compensation, and, as with the earlier version of this Paragraph, the Court finds this information can be properly designated as AEO. Corrigan may also designate as AEO subparagraphs a, b, and c of Paragraph 1, as those subparagraphs provide more detailed compensation information. The same is true with the referenced "Attachment A," which provides an "example calculation" of a commission structure, and the number of vacation days reflected in Paragraph 2. However, the remainder of the document does not contain the type of sensitive business information that would be properly designated as AEO.

5

- Corrigan34-41 is a non-compete agreement executed by Sawicki and Corrigan. Although the document references certain restrictions on Sawicki's use of Corrigan "trade secrets," "inventions/developments," and other "confidential information," the document itself contains no sensitive business or competitive information of Corrigan's that would be entitled to AEO protection. Accordingly, Corrigan must produce this document in unredacted form.

*In Camera* **Documents Submitted by Sawicki**

Sawicki provided the Court for *in camera* review nineteen pages of documents marked AEO, Sawicki38-39, 40-43, 71-76, and 77-83. The Court has reviewed those documents[1] and makes the following findings as it relates to the pending motions:

- Sawicki38-39 is an e-mail dated February 8, 2022, and an attachment thereto. The attachment (Sawciki39) is properly marked AEO because it provides "Examples of Commissions," including rates, formulas, and calculations, which if known to Corrigan's competitor could yield an unfair business advantage. The cover e-mail (Sawicki38), however, contains no AEO information and must be produced unredacted to Resolute.

- Sawciki40-43 is a cover e-mail and offer letter dated January 26, 2022, the latter of which appears to be a signed version of the January 19, 2022 offer letter produced as Corrigan 26-28 that the Court discussed above. The cover e-mail (Sawciki40) contains no AEO information and must be produced unredacted to Resolute. The same rulings made with respect to Corrigan26-28 shall apply to Sawicki41-43.

- Sawicki71-76 is a cover e-mail, offer letter, and attachment dated February 8, 2022, the latter two of which appear to be copies of the February 8, 2022 offer letter and attachment produced as Corrigan30-33 that the Court discussed above. The offer letter (Sawciki71) contains no AEO information, and thus must be produced unredacted to Resolute. The same rulings made with respect to Corrigan30-33 shall apply to Sawicki 72-76.

---

[1] Certain portions of Sawicki38, 40, and 71 were redacted. The Court, therefore, has not reviewed those portions of the documents, and assumes they were redacted on the ground of privilege. If Sawicki has not done so already, he must produce a privilege log to Resolute adequately describing the basis for any asserted privilege. Fed. R. Civ. P. 26(b)(5).

- Sawicki77-83 appears to be an unsigned copy of the non-compete agreement produced by Corrigan as Corrigan34-41. The same rulings made with respect to Corrigan34-41 shall apply to Sawicki77-83.

**Who May Review AEO Documents?**

Above the Court has found that certain documents produced by Corrigan and Sawicki contain AEO information. Those documents, or the relevant portions of those documents, may be designated as such and produced in unredacted form to Resolute for review only by its outside counsel.[2] Resolute has argued that its CEO should be permitted to review the AEO documents, too. The Court disagrees. The Court has carefully reviewed the aforementioned materials and is allowing Corrigan and Sawicki to designate as AEO information only very limited financial and compensation details. The Court sees no reason why Resolute's CEO would need to know those few specific details for Resolute to be able to fully litigate this case. Indeed, the AEO information, while competitively significant, is so straightforward in nature that Resolute's outside counsel can easily determine its potential relevance vis-à-vis the claims and defenses in this case. On the other hand, and particularly given Resolute's allegations about Corrigan's new entrance as a competitor in the climate control rental business, Resolute knowing how Corrigan is compensating its employees could give Resolute an advantage in the marketplace.

**<u>Conclusion</u>**

For all of the foregoing reasons, **IT IS ORDERED** that the parties' competing motions **(ECF Nos. 29, 35)** regarding AEO designations by Corrigan and Sawicki are

---

[2] A redacted version of the documents containing AEO information must be produced to Resolute.

**GRANTED IN PART AND DENIED IN PART**.  To the extent the Court has determined that certain documents have been improperly designated, in whole or in part, as containing AEO information, the non-AEO information shall be produced to Resolute **within 14 days**.

**IT IS SO ORDERED.**

Dated: November 14, 2022      s/ David R. Grand
                              DAVID R. GRAND
                              UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2022.

                              s/Michael E. Lang
                              MICHAEL E. LANG
                              Case Manager