UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SAWICKI,　　　　　　　　　　　　　　Case No. 22-10648

　　Plaintiff,　　　　　　　　　　　　　　　　　F. Kay Behm
v.　　　　　　　　　　　　　　　　　　　　　United States District Judge

RESOLUTE INDUSTRIAL, LLC,

　　Defendant.
_____ /

**<u>ORDER DENYING MOTION FOR TRANSCRIPT REDACTION (ECF No. 119)</u>**

On May 8, 2024, Defendant Resolute Industrial, LLC ("Resolute") filed a motion for entry of a court order approving a series of redactions to the transcript of the April 10, 2024 motion hearing. (ECF No. 119). Specifically, Resolute seeks to redact the full name of a witness, "Mr. C.," arguing "its business contact should be treated as confidential for business purposes, as well as for Mr. C's privacy as a non-party to this matter." *Id.*

The Sixth Circuit has long recognized a "strong common law presumption in favor of public access to court proceedings and records." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (citing *Brown & Williamson*, 710 F.2d at

1

1179-80; *United States v. Myers*, 635 F.2d 945, 952 (2d Cir. 1980)). Consistent with these interests, the U.S. District Court for the Eastern District of Michigan's "Procedures Governing the Electronic Availability and Redaction of Transcripts" (the "Redaction Procedures") permit the following information to be redacted in a transcript: "Social Security numbers (or taxpayer identification numbers) to the last four digits; financial account numbers to the last four digits; dates of birth to the year; names of minor children to the initials; and in criminal cases, any home addresses stated in court to the city and state," consistent with Federal Rule of Civil Procedure 5.2(a). If an attorney wishes to redact information that is not included on this list, the Redaction Procedures allow an attorney to move the court for further redaction within 21 days from the filing of the transcript. Any such requests must nevertheless comply with the public's right to access court proceedings, and will not be granted unless a party can demonstrate that the "interests of privacy outweigh the public's right to know." *Concerned Pastors for Soc. Action v. Khouri*, No. 16-10277, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016) (citing *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474).

      Resolute's motion seeks to redact the name of a key witness in this case, "Mr. C," on 21 separate occasions in the transcript. (ECF No. 119). They argue this request is justified based on the witness' "privacy as a non-party," the parties'

stipulated protective order (ECF No. 44) entered on December 20, 2022, and the fact that the witness's name has been redacted in past filings. (ECF No. 119, PageID.11314). First, the court notes that the December 20, 2022 protective order does not explicitly mention "Mr. C" or the redaction of any witness information, only specifying, in part, that an attorney may designate information it reasonably believes to be "confidential, proprietary, and/or the public disclosure of which would be harmful to that entity or employees or agents of that entity" as "CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." (ECF No. 44, PageID.605).

Further, while Resolute redacted "Mr. C's" name in some of their pleadings, they included his full name, Cowell, in others. (ECF No. 104, PageID.7832 ("When **Cowell** asked Sawicki if he could help on the Hudson project, Sawicki replied, 'I can introduce you to somebody.'"); PageID.7833 ("Furthermore when asked directly in deposition whether he had 'contacts or communication' with **Cowell**...")) (emphasis added). Additionally, his full name is regularly included in Plaintiff Sawicki's pleadings on the docket without redaction. (*See, e.g.,* ECF No. 85, PageID.1964 ("And when cross-examined with the **Cowell** deposition transcript...**Mr. Cowell** was unable to establish a violation of the non-compete. Rather **Mr. Cowell** has testified that..."); ECF No. 85-20 ("Deponent: **Aaron**

3

**Cowell**"); ECF No. 99, PageID.5003 ("Mr. Sawicki 'worked and bid on projects' with Limbach Holdings, Inc. [] through its employee, **Aaron Cowell.**")) (emphasis added).

In light of the consistent use of the witness's full name in the parties' pleadings, as well as his role as a material witness in this lawsuit, the court does not find that Resolute has met their burden to show any interest in redacting his information overcomes the strong presumption of public disclosure. Resolute has provided no information suggesting this witness has any greater interest in his privacy than any other "non-party to this matter." For these reasons, Resolute's motion is **DENIED** and the transcript will be filed consistent with the language used at the hearing. *See* 28 U.S.C. § 753 ("Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim.").

    **SO ORDERED**.

Date: May 22, 2024　　　　　　　　　　s/F. Kay Behm  
　　　　　　　　　　　　　　　　　　F. Kay Behm  
　　　　　　　　　　　　　　　　　　United States District Judge